## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
## COLUMBUS DIVISION

| | | |
|---|---|---|
| CARLOS EDUARDO CARRILLO-GUDIEL, | : | |
| | : | |
| | : | |
| Petitioner, | : | |
| | : | NO. 4:11-CV-135-CDL-MSH |
| VS. | : | |
| | : | 28 U.S.C. ▪ 2241 |
| ERIC H. HOLDER, *et al.*, | : | |
| | : | |
| Respondent. | : | |

## REPORT AND RECOMMENDATION

On September 15, 2011, Petitioner Carrillo-Gudiel, who is currently in the physical custody of the United States Immigration and Customs Enforcement ("ICE") at the Stewart County Detention Center in Lumpkin, Georgia, filed the above-styled action. (ECF No. 1.)  On November 4, 2011, the Court ordered Respondents to file a responsive pleading within sixty days, which was so filed on December 1, 2011. (ECF No. 16). Thereafter on December 22, 2011, Respondents filed a Motion for Extension of Time to File an Answer (ECF No. 19), which the Court granted.   Respondents then filed their Answer-Response to Petitioner's petition on January 18, 2012.  (ECF No. 22.)

## PETITIONER'S CLAIMS

Petitioner contends that he is being held in violation of 8 C.F.R. § 241 of the Immigration and Nationality Act which allows detention of an alien who is under an order of removal for a period not to exceed ninety (90) days.  (Pet'r's Pet. 6.)   Petitioner also claims that his Fifth Amendment rights have been violated pursuant to the holding in

*Zadvydas v. Davis*, 533 U.S. 678 (2001) because he has been in custody for more than six

months since the issuance of the final order of removal. (*Id.*)  Petitioner, therefore,

requests that his writ of habeas corpus be granted and that he be released.  (*Id*.)

### FINDINGS OF FACT

1.    Petitioner is currently detained by the Immigration and Custom Enforcement (ICE) at the Stewart Detention Center in Lumpkin, Georgia.  (ECF No. 1)

2.    Petitioner is a native and citizen of Guatemala who alleges he entered the United States in 2004.  (ECF No. 1.)

3.    On December 21, 2006, Petitioner pled guilty to check fraud in violation of South Carolina Law under S.C. Code Ann. § 34-11-0060 and sentenced to two years in prison; the court suspended the sentence. (Resp'ts' Ex. A-2.)

4.    On July 16, 2007, Petitioner was convicted of forging checks totaling $9600.00 under S.C. Code Ann. § 16-13-0010(B)(1). *Id.* The court sentenced Petitioner to seven years in prison. The court suspended the sentence and Petitioner was ordered to serve five years of probation. (*Id.*)

5.    On July 21, 2008, Petitioner was charged with violating the conditions of his probation for both convictions, and he was required to serve two years in prison for the check fraud conviction and 5 years in prison for the forgery conviction. (Resp'ts' Ex. A-3.)

6.    On August 15, 2008, ICE officers served Petitioner, who was still serving his state sentence, with a Notice of Intent to Issue a Final Administrative Order under section 238(b) of the INA (for being present in the United States without admission or parole and convicted of an aggravated felony under 8 U.S.C. § 1101(a)(43) for his forgery conviction). (Resp'ts' Ex. A-5.)

7.    On April 21, 2010, Petitioner was released on parole from the Kirkland State Prison in Columbia, South Carolina.  (*Id.* at Ex. A-12.)  Thereafter, on February 10, 2011, ICE arrested Petitioner in South Carolina and determined that he was subject to mandatory detention under 8 U.S.C. § 1226(c). (*Id.* at Ex. A-7.)

8.    On April 22, 2011, ICE served Petitioner with a Final Administrative Removal Order. (*Id.* at Ex. A-6.)  On June 6, 2011, an asylum officer referred Petitioner's case to an immigration judge for formal (rather than administrative) removal proceedings. (*Id.* at Ex. A-9.)

9.      On October 31, 2011, Petitioner was ordered to be removed by the immigration judge, where the judge found that Petitioner's crimes were deemed aggravated felonies under 8 U.S.C. § 1101(a)(43)(R), thus making Petitioner deportable. *Id.*

10.    Petitioner then filed an appeal with the Board of Immigration Appeals ("BIA") on November 7, 2011.  (*Id.* at Ex. A-11.)

11.    Petitioner's appeal is currently pending before the Board of Immigration Appeals. (*Id.* at Ex. A-11.)

## Application of the Law

Pursuant to the Immigration and Naturalization Act codified at 8 U.S.C. § 1252(d)(1), this court's review of a removal order is limited in that the court may review a final order of removal only if "the alien has exhausted all administrative remedies available to the alien as of right." *Taylor v. United States*, 396 F.3d 1322, 1327 (11th Cir. 2005).   The Eleventh Circuit Court of Appeals has further held that the exhaustion requirement extends to habeas proceedings.  *Sundar v. INS*, 328 F.3d 1320, 1322 (11th Cir. 2003).   In this case, Petitioner has appealed the removal order issued by the immigration judge to the BIA.  To date, no ruling on his appeal has been made.  As such, there is no final order of removal from which Petitioner may seek relief. Petitioner's application for habeas relief is, therefore, premature.

As noted, Petitioner has sought relief pursuant to *Zadvydas v. Davis*, 533 U.S. 678, 699-700 (2001), wherein the Supreme Court found that section 241(a) of the INA authorizes detention after entry of an administratively final order of deportation/removal for a period "reasonably necessary" to accomplish the alien's removal from the United States.  The Court recognized six months as a presumptively reasonable period of time to

allow the government to accomplish an alien's removal.  *Id*. at 701.  Because Petitioner's order of removal is not final, however, the *Zadvydas* six-month time period has not been triggered in this case, and this Court need not address that claim.

WHEREFORE, IT IS RECOMMENDED that Petitioner's Application for Federal Writ of Habeas Corpus pursuant to 28 U.S.C. ▪ 2241 be **DENIED** as premature. Pursuant to 28 U.S.C. ▪ 636 (b)(1), Petitioner may serve and file written objections to this Recommendation with the UNITED STATES DISTRICT JUDGE, WITHIN FOURTEEN (14) DAYS after being served with a copy hereof.

SO RECOMMENDED this 21st day of June, 2012.


S/ STEPHEN HYLES
UNITED STATES MAGISTRATE JUDGE