```
             IN THE UNITED STATES DISTRICT COURT
             FOR THE MIDDLE DISTRICT OF GEORGIA
                       COLUMBUS DIVISION
```

CARLOS EDUARDO CARRILLO-GUDIEL,   :
                                  :
        Petitioner,                :
                                  :   CASE NO. 4:11-CV-135-CDL
vs.                               :
                                  :        28 U.S.C. § 2241
ERIC H. HOLDER, *et al.*,         :
                                  :
        Respondents.               :

## ORDER OF DISMISSAL

On September 15, 2011, Petitioner Carrillo-Gudiel filed the above-styled action. On November 4, 2011, the Court ordered Respondents to file a responsive pleading within sixty days, which was so filed on December 1, 2011. Thereafter on December 22, 2011, Respondents filed a Motion for Extension of Time to File an Answer which the Court granted. Respondents then filed their Answer-Response to Petitioner's petition on January 18, 2012. On June 21, 2012, a Report and Recommendation was filed in this case recommending that Petitioner's case be dismissed as premature.

On July 3, 2012, Respondents filed a Notice of Custody Status which averred that Petitioner had been removed to his home country of Guatemala on March 28, 2012. Because of Petitioner's removal, Respondents now contend that Petitioner's pending § 2241 petition is moot and should be dismissed as such.

"[A] case is moot when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome." *Al Najjar v. Ashcroft*, 273 F.3d 1330, 1335-36 (11th Cir. 2001) (internal quotation marks and citation omitted). "If events that occur subsequent to the filing of a lawsuit or an appeal deprive the court of the ability to give the plaintiff or appellant meaningful relief, then the case is moot and must be dismissed." *Id.* at 1336. Where a habeas petitioner who was protesting his detention is no longer in custody, the dispute with regard to his detention is mooted. *See Spencer v. Kemna*, 523 U.S. 1, 7-8 (1998) (discussing "in custody" requirement of habeas statute 28 U.S.C. § 2254). Since the Court can no longer give the Petitioner any meaningful relief, the case is moot and "dismissal is required because mootness is jurisdictional." *Al Najjar*, 273 F.3d at 1336.

WHEREFORE, IT IS ORDERED that Petitioner's Application for writ of habeas corpus be DISMISSED as moot without prejudicing his right to file a new § 2241 petition in the future if a change in his circumstances occurs.

SO ORDERED, this 9th day of July, 2012.

        s/Clay D. Land
        CLAY D. LAND
        UNITED STATES DISTRICT JUDGE